# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:06cv512

| | | |
|---|---|---|
| GERARD ECKHARDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on the following motions:

(1) plaintiff's Motion for Sanctions and Adverse Inference Instructions (#51);

(2) plaintiff's Motion to Strike Response in Opposition to Motion (#58);

(3) defendant's Motion for Leave to File Excess Pages (#60);

(4) the joint Motion for Leave to File Excess Pages with Regards to Defendant's Renewed Summary Judgment Motion (#62); and

(5) the joint Motion to Continue Docket call/Trial (#64).

The above procedural motions have generated pleadings, when stacked together, amount to nearly a ream of paper.

The pleadings now before the court reflect a misapprehension of how the

undersigned handles the docket. First, this case, filed in 2006, is now one of the oldest cases for which the undersigned is responsible. The original Pretrial Order in this case set a discovery deadline of December 3, 2007, with dispositive motions being due not later than January 15, 2008. Had this case been filed in the Asheville Division, trial would have been set for not later than December 2007, and this case would have been resolved by such date. The undersigned, once assigned this case, did allow an enlargement of deadlines due to the state of the pleadings, providing for discovery completion by August 25, 2008, dispositive motions by September 25, 2008, and a ready date for trial of December 1, 2008. The parties sought and the court allowed the resetting of the discovery and motions deadlines by way of the consent Motion to Extend Deadlines (#49). Now, the parties seek a continuance of trial in the joint Motion to Continue Docket Call/Trial (#64) based on the extension they sought and received as to the discovery and motions deadlines. The parties argue that the ready date for trial should now be reset because the extension (which they earlier sought as to the dispositive motions deadline) would result in the dispositive motions pressing too close to the trial deadline, therefore not allowing the parties sufficient time to either mediate or prepare for trial. Had the parties grouped those motions together, the court would have allowed none of the relief sought.

The fundamental misunderstanding in this case concerns the continuance of

trial: this court does not continue trials. The parties are given a great deal of leeway in conducting discovery, and whether they utilize that time in a manner which gives them and the court ample or very little time to prepare for trial is a course charted by the parties.

Next, the parties contend that a ruling on the yet-to-be-filed summary judgment motion will somehow assist with mediation. This makes little logical sense. If the court grants summary judgment, there will be no need for defendant to mediate this case as a judgment will then enter in its favor finding that plaintiff have and take nothing of this defendant; likewise, if the court denies summary judgment, plaintiff will have little incentive to further mediate as plaintiff will then have the upper hand. The fundamental misunderstanding, however, is that the court is somehow playing an advisory role in this affair to the mediator. The belief that the court should spend its limited resources on complex dispositive motions before the parties have *exhausted* mediation is antithetical to modern federal practice. Counsel should be aware that the undersigned, like every federal judicial officer, has at any given time about 300 or more civil cases and a like number of criminal matters. When the math is done, it makes it clear that one judge simply cannot resolve all disputes that may arise among the 1000 or so parties to such caseload. There are only so many days in the year, and the court simply does not have the luxury of issuing "advisory" opinions

--which take days if not weeks to write - - to assist the parties in mediation. A decision should come after the parties have failed to resolve matters, and this is precisely why the Pretrial Orders put mediation in front of dispositive motions. Indeed, the parties know better than the court the strengths and weaknesses of their respective positions, and well qualified mediator versed in this area of law may well know more than the court, which is presented with a broad number of civil and criminal issues, the probable outcome and the value that probability would yield.

While the holidays are busy for counsel, they are also busy for the court. At this point, however, the Christmas holiday will only result in one day that this court will not be open, Thursday, December 25. Further, the parties' estimate of trial being from seven to nine business days is an overestimation for an ADA case. The court believes that three-to-four days is a better and very generous estimate for an ADA trial. See Gooden v. Fishburne International, Inc., 1:97cv360 (W.D.N.C. 1998). The motion will be denied, and the court will direct the Clerk of court to set this matter for jury trial beginning at 9 a.m. on Monday, December 8, 2008, in any Division of the Western District that has a courtroom available for that week. The court's preference is the Statesville Division, inasmuch as that courthouse is least utilized and is in a county both adjoining plaintiff's home county and one in which defendant does business, the court finds such to be a most appropriate forum. The parties should be

aware that while the court will do its best to reach the summary judgment motion before trial, there are simply no guarantees and the court may well take up the motion at the conclusion of the plaintiff's case-in-chief. The ability of the court to reach a summary judgment motion is dependent upon the manner in which the parties brief the issues.

Next, the court turns to the issue of page limitations. The pages generated in argument concerning page limitations and fonts is confounding and does nothing to move this case forward. To that end, the court will simply treat all counsel as the professionals that they are, and abolish all page limitations in this matter with one caveat. As professionals, counsel are bound by the requirements of Rule 11, and the court will not hesitate to strike any pleading or portions thereof that the court finds to be frivolous. Further, the court reserves the right to impose sanctions or fines on counsel personally, on a page-by-page basis, for filings that waste judicial resources. Counsel shall pay particular attention to the requirements of Local Civil Rule 7.1(C)(1)-(3).[1] In making such advance warning, the court is not extending an invitation to counsel to file motions for sanctions, which appears to be a cottage

---

[1] The court notes that 14 point font is perfectly fine, and that the parties should pay particular attention to how they file documents so that they can be utilized by the court in formulating an Order. Simply filing scanned or E-copied documents results in nearly useless data, and documents should instead be converted into electronic documents for filing.

industry in this case. The court will recognize sanctionable materials when and if it reads them, and the court does not anticipate that any party will in fact stray over into such realm in this case.

The court has found a recurring theme in this matter that an impasse has not been reached in mediation and that it is still quite possible for the parties to resolve this case. The parties are strongly encouraged to immediately return to mediation as this is precisely the type of case that reasonable professionals can amicably resolve. If this case makes it to trial, plaintiff should realize that this is not a cut-and-dried case under the ADA, with a real potential that defendant did nothing wrong; likewise, defendant should realize that there is a real potential that a jury could find against it, a finding which could besmirch its good name, a penalty more adverse than any monetary or injunctive relief. The court invites the parties to jointly contact the court if assistance is needed in restarting mediation or in commencing judicial settlement discussions.

Finally, the court finds no basis at this time issue sanctions, agree to adverse inference instruction, or strike any pleading. If an adverse inference is in fact warranted during the summary judgment process, it can therein be argued in the briefs. If this matter is tried, the court will consider any such motion *in limine*. Further, as has counsel for plaintiff and his client, counsel for defendant and his client

have not engaged in any readily identifiable conduct which would warrant consideration of sanctions.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's Motion for Sanctions and Adverse Inference Instructions (#51) is **DENIED**;

(2) plaintiff's Motion to Strike Response in Opposition to Motion (#58) is **DENIED**;

(3) defendant's Motion for Leave to File Excess Pages (#60) is **GRANTED**;

(4) the joint Motion for Leave to File Excess Pages with Regards to Defendant's Renewed Summary Judgment Motion (#62) is **GRANTED**; and

(5) the joint Motion to Continue Docket Call/Trial (#64) is **DENIED**.

The page limitations in this matter are **DISSOLVED**, and the parties **ALLOWED** to file briefs of whatever length they, in their professional judgment, deem appropriate. Such briefs shall, however, be subject to the requirements of Local

Civil Rule 7.1(C) and the court fully expects the parties to file such briefs through ECF in a readable electronic format.

The Clerk of this court is respectfully instructed to calendar this matter for trial beginning Monday, December 8, 2008, at 9 a.m. in Statesville, or in any other available courtroom in any division in the discretion of the Clerk.

Signed: October 9, 2008

Dennis L. Howell
United States Magistrate Judge