# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06cv512

| GERARD ECKHARDT, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| BANK OF AMERICA, N.A., | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on the plaintiff's Motion to Continue Trial. Having discussed this matter with the Clerk of Court, a final pretrial conference and trial will be scheduled as set forth below.

The court has, *sua sponte*, revisited the defendant's Motion for Summary Judgment on the NCEEPA claim asserted by plaintiff. In August of 2007, the undersigned considered a similar motion in Shook v. Shook, 5:06cv76 (WDNC 2007). Plaintiff contends that his discharge constitutes a violation of the public policy of North Carolina as set forth in N.C.Gen.Stat.143-422.1 and .2 and that North Carolina law provides him with a private cause of action. The Court of Appeals for the Fourth Circuit, in a published decision originating in this district, held, in pertinent part, as follows:

-1-

> Neither the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under the NCEEPA. Instead, most courts have applied the NCEEPA only to common law wrongful discharge claims or in connection with other specific remedies.
>
> In *Mullis v. Mechanics & Farmers Bank*, 994 F.Supp. 680 (M.D.N.C. 1997), the court held that "[a]bsent a clear indication from the courts or the legislature of North Carolina that a private right of action does exist under the NCEEPA, it would be inappropriate for a federal court to create a private right of action under the NCEEPA, and this court declines to do so." We agree.

Smith v. First Union National Bank, 202 F.3d 234, 247 (4th Cir. 2000) (citations and footnote omitted); accord McNeil v. Scotland County, 213 F.Supp.2d 559, 570 (M.D.N.C. 2002). In conformity with that decision, the court will grant defendant's Motion for Summary Judgment as to this claim, and the previous Memorandum of Decision is amended hereby to so reflect such determination.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the final pretrial conference in this matter is scheduled for March 2, 2009, at 2 p.m. in Asheville, and that trial of this matter is peremptorily set for March 16, 2009, at 9 a.m. in Statesville; and

**IT IS FURTHER ORDERED** that plaintiff's claim under the NCEEPA is **DISMISSED** with prejudice and the previously entered Memorandum of Decision is **AMENDED** hereby to reflect such dismissal.

Signed: December 17, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge